## MITCHELL v. JOYCE.

1. **Execution:** EXEMPTION. Implements of husbandry are not exempt from execution for the purchase money thereof, (Code, § 3077,) nor is a yearling heifer exempt under § 3072, which exempts "two cows and a calf."

2. **Instruction:** RECOVERY ON ITEMS ADMITTED. Plaintiff in an action on account, where the correctness of certain items is admitted, is entitled to an instruction that the jury should find for him for the amount charged on such items.

3. **Pleading:** RIGHT TO AMEND. The right to amend is not dependent upon the question whether the evidence supports the new allegations.

4. **Evidence:** ERROR CURED BY INSTRUCTIONS. Where evidence has been erroneously admitted, but it is withdrawn from the jury by the instructions, the error is cured.

*Appeal from Marion Circuit Court.*

. TUESDAY, JUNE 15.

ACTION upon an account, and for money paid upon notes given by defendant to another, upon which plaintiff was surety. An attachment was issued in the case, and levied upon certain property of plaintiff. Defendant pleaded certain defenses to the action, and set up as a counter-claim damages sustained by reason of the wrongful suing out of the attachment. There was a judgment upon a verdict for defendant for $654.55, and costs. Plaintiff appeals.

*Ayres Bros.*, for appellant.

No appearance for appellee.

BECK, J.—I. The defendant moved the court below to discharge certain property attached in the action, on the

1. EXECU-TION: exemption.

ground that it was exempt from the levy, under the statute. The motion was sustained. Among the property discharged were a cultivator and plow, and a yearling heifer. The proof shows that a part of the indebtedness for which the action was brought was incurred in the purchase of the cultivator and plow. They were therefore excepted from the exemption of the statute. See Code, § 3077. The heifer was a yearling, and was not, therefore, exempt under the provision of section 3072, which provides, that "two cows and a calf" may be held exempt from execution. The circuit court erred in ordering the discharge of this property from the attachment.

II. The court below refused to give an instruction asked by plaintiff to the effect that he is entitled to recover "the

2. INSTRUC-TION: recovery on items admitted.

full amount charged in the bill of particulars for all items which have been admitted by defendant to be correct." The abstract shows that such admissions were made. Plaintiff was entitled to recover thereon. The instruction should have been given.

III. Numerous objections, in addition to those just noticed, are made to the judgment of the circuit court. Of these we are required to notice the following: The defendant was permitted to amend his answer and counter-claim. The amendment was, it is contended, erroneously permitted, for the reason that it was contradicted by the evidence. The right to amend did not depend upon the character of the evidence given in the case. If the allegations of the amendment were not supported by the evidence, the issues presented therein would have been found for plaintiff.

*3. PLEADING: right to amend.*

IV. The defendant testified in regard to the terms of a lease, against plaintiff's objection, based upon the ground that, as the lease was in writing, parol evidence of the contract was not competent. But this evidence was afterwards withdrawn from the jury, and they were instructed not to consider it. The error of its admission was therefore cured. We do not consider other questions in the case, for the reason that they may not arise upon a new trial.

*4. EVIDENCE: error cured by instructions.*

For the errors above pointed out the judgment of the circuit court must be

REVERSED.